IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE A. CAMPBELL,                              :
                                                :
      Petitioner                  :    CIVIL NO. 3:CV-09-153
                                                :
    v.                                        :
                                                :
                                                :    (Judge Vanaskie)
LAWRENCE KELLY, SUPERINTENDENT,                 :
                                                :
                                                :
      Respondent                  :

## MEMORANDUM

### Background

    Bruce A. Campbell, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Campbell has submitted an application requesting leave to proceed in forma pauperis. The Court will grant Petitioner temporary leave to proceed in forma pauperis for the sole purpose of the filing of his Petition with this Court. However, for the reasons outlined below, Campbell's action will be transferred to the United States District Court for the Northern District of Mississippi.

Named as sole Respondent is Superintendent Lawrence Kelly (presumably of the Mississippi State Department of Corrections inasmuch as Campbell provides a Mississippi address for Mr. Kelly). Campbell describes his habeas corpus Petition as "challenging a state detainer." Dkt. Entry # 1, ¶ 4. Petitioner explains that while serving a prior sentence imposed by the United States District Court for the District of Kansas, he entered a guilty plea to a charge of theft by false pretense in Lowndes County Court, Columbus, Mississippi.[1] As a result of his August, 2002 Mississippi state conviction, Petitioner was sentenced to a one (1) year term of imprisonment, to be served consecutive to the Kansas federal prison term.

Upon completing his District of Kansas federal sentence on October 20, 2003, Mississippi state officials purportedly failed to take custody of Petitioner. Instead, Campbell states that he was taken into custody by the United States Marshal's Service "in relation to an Alabama federal criminal case." Id. at p. 4-A . Petitioner indicates that he is presently serving a ninety-six (96) month sentence resulting from an Alabama federal criminal conviction. He alleges that the State of Mississippi Department of Corrections (DOC) has lodged a "prejudicial and disruptive detainer" with federal correctional officials. Id. at p. 5. Campbell challenges the legality of the Mississippi detainer on the grounds that his Mississippi state sentence began to run upon completion of his Kansas federal sentence and is now expired. As a result, Campbell

---

[1] Lowndes County is located within the confines of the United States District Court for the Northern District of Mississippi, Eastern Division.

concludes that the Mississippi DOC "is without the jurisdiction to enforce their warrant." Id. at ¶ 16.  Petitioner's pending action asks this Court to issue a ruling that his Mississippi state sentence began to run as of October 20, 2003 and to order the Mississippi DOC to remove the detainer.

Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The Rules are applicable to § 2241 petitions under Rule 1(b).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  In this case, it is apparent from the fact of the petition that Campbell cannot seek habeas relief in this Court.

Although a § 2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody," Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in

the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). As explained in Graham v. Brooks, 342 F. Supp.2d 256, 261 (D. Del 2004), "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over § 2241 petitions filed in such cases. See id. at 261-62.

  Even if this Court has concurrent jurisdiction over the challenge to the Mississippi detainer, it is evident that Petitioner's claims are best adjudicated in Mississippi. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). In Braden, the Court held that an action by an inmate attacking a detainer lodged by another state may be transferred for the interests to the district court in the state which lodged the detainer. 410 U.S. at 499 n.15.

  It is apparent that the United States District Court for the Northern District of Mississippi is the proper forum within which to attack the legality of a detainer issued by the State of Mississippi and also to answer the question of whether Campbell has exhausted any remedies available to him under Mississippi state law. Consequently, this matter will be transferred to

the United States District Court for the District of Mississippi pursuant to § 1404(a) .  An appropriate Order will enter.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE A. CAMPBELL, | : | |
|     Petitioner | : | CIVIL NO. 3:CV-09-153 |
| | : | |
| v. | : | |
| | : | (Judge Vanaskie) |
| SUPERINTENDENT LAWRENCE KELLY, | : | |
|     Respondent | : | |

## ORDER

NOW, this 2nd DAY OF FEBRUARY, 2009, In accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion seeking leave to proceed <u>in forma pauperis</u> (Dkt. Entry # 2) is GRANTED for the sole purpose of the filing of the petition with this Court..

2. The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Northern District of Mississippi.

3. The Clerk of Court is directed to mark this case in this Court CLOSED.

                                            <u>s/ Thomas I. Vanaskie</u>
                                            Thomas I. Vanaskie
                                            United States District Judge